**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1958
_____

WAN TAO LU,
                              Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A70-902-949)
Immigration Judge: William P. Greene, Jr.

_____

Submitted Under Third Circuit LAR 34.1(a)
April 7, 2010
Before:  SCIRICA, Chief Judge, SMITH and WEIS, Circuit Judges
Opinion filed: April 12, 2010
_____

OPINION
_____

PER CURIAM.

        Wan Tao Lu seeks review of the Board of Immigration Appeals' ("BIA")

denial of his motion to reopen proceedings.  Because we conclude that the BIA did not

abuse its discretion in denying that motion, we will deny Lu's petition for review.

1

**I.**

Petitioner Wan Tao Lu, a citizen of the People's Republic of China, entered the United States without inspection in 1993. He applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), claiming political and religious persecution as a Christian living in China. Lu failed to appear for his hearing, and the Immigration Judge ("IJ") ordered him removed in absentia on December 21, 1995. Lu, through counsel, filed a motion to rescind that order, claiming that New York Morman and Associates Corp. ("NYMA") advised him not to appear.[1] He further claimed that he had filed a change of address form, which implied a request for a change of venue. The IJ denied the motion on May 15, 1996, finding that Lu's claims did not amount to "exceptional circumstances," and that there was no basis to conclude that Lu's change of address form implicitly requested a change of venue. Lu appealed the IJ's decision to the BIA, claiming ineffective assistance of counsel. The BIA dismissed the appeal on December 30, 1999, finding that it could not conclude that NYMA had ever represented Lu, and that Lu failed to establish ineffective representation and prejudice resulting therefrom.

---

[1] Lu first described NYMA as a service for Chinese speakers, but now describes it as a travel agency. He states that he engaged NYMA to represent him through his asylum proceedings. He claims that because he did not speak English, he did not understand the difference between a travel agency and an attorney.

2

Lu filed his second counseled motion to reopen proceedings with the BIA in September 2008 based on ineffective assistance of counsel and changed country conditions in China. On March 11, 2009, the BIA denied the motion. Lu filed a timely petition for review.

## II.

We have jurisdiction under 8 U.S.C. § 1252(a) to review the denial of Lu's motion to reopen.[2] We review the denial of a motion to reopen for abuse of discretion. Liu v. Att'y Gen., 555 F.3d 145, 148 (3d Cir. 2009). Under this standard, we may reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002).

In general, motions to reopen must be filed within ninety days from the date "the final administrative decision was rendered." 8 C.F.R. § 1003.2(c)(2). This time limitation does not apply if the movant seeks reopening "based on changed circumstances arising in the country of nationality or in the country to which deportation has been

---

[2] There is some question whether venue is proper in this case. Petitions for review of immigration cases are properly filed in "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2). In this case, the proceedings were conducted by an IJ sitting in Baltimore, Maryland, which lies in the Fourth Circuit. Following the BIA's denial of his 2008 motion to reopen, Lu filed his petition for review in this Court. Neither party has objected to venue or addressed it whatsoever, and we see no reason to transfer the case to the Fourth Circuit. See Bonhometre v. Gonzales, 414 F.3d 442, 446 n.5 (3d Cir. 2005) (noting that venue is not jurisdictional and declining to transfer case where the parties' presentations in this Court were complete). It appears that neither party would be prejudiced, and we have no reason to believe that the Fourth Circuit would be a more convenient venue for the parties.

3

ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).

## III.

Lu claims that the BIA abused its discretion when it denied his motion to reopen based on ineffective assistance of counsel. The BIA correctly noted that Lu's contentions regarding NYMA's advice formed the basis of his unsuccessful 1996 motion to rescind.[3] The BIA also correctly concluded that, to the extent Lu sought reconsideration of the BIA's adjudication of that motion in 1999, the request was untimely, see 8 U.S.C. § 1229a(c)(6)(B), as was any request to rescind the in absentia order based on "new" evidence that he filed a complaint against NYMA. See § 1229a(b)(5)(C).

Lu next claims that the BIA erred in concluding that he failed to establish prima facie eligibility for asylum, based on a fear of future persecution, namely, forced sterilization. We agree that Lu failed to demonstrate changed circumstances in China that materially affect his eligibility for asylum. See 8 C.F.R. § 1003.2(c)(3)(ii). Since living in the United States, Lu and his wife have had two children. The BIA reasonably relied

---

[3] As the Attorney General points out, to the extent that Lu argues that his claim meets the standard in either Matter of Compean, Bangalay & J-E-C, 24 I. & N. Dec. 710 (A.G. 2009) or Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988) (reinstated following In re Compean, Bangaly & J-E-C-, 25 I. & N. Dec. 1 (A.G. 2009), his claim is without merit. The BIA first adjudicated his ineffective assistance of counsel claim in 1999, prior to Compean I.

4

upon past decisions to reject Lu's argument that returning to China with two foreign-born children would result in his persecution. See Liu, 555 F.3d at 149-50 (quoting the BIA's finding in Matter of J-W-S-, 24 I. & N. Dec. 185, 189-91 (BIA 2007) that "the Chinese government does not have a national policy of requiring forced sterilization of a parent who returns with a second child born outside of China"). Furthermore, the birth of his children merely establishes that Lu's personal circumstances have changed, and is insufficient to support reopening. See Liu, 555 F.3d at 148.

As evidence of changed circumstances in China, Lu presented a statement purportedly issued by the Family Planning Office of Houyu Township, Changle City. (A.R. 300.) Lu claimed that the statement was a response to an inquiry made by his father into his "situation." (A.R. 4, 300.) However, Lu did not present a sworn statement from his father, and failed to authenticate the Changle City statement in any way. See 8 C.F.R. § 287.6. While we have held that failure to authenticate under § 287.6 does not warrant "per se exclusion of documentary evidence, and a petitioner is permitted to prove authenticity in another manner," Lu's failure to authenticate his evidence in any manner undermines its evidentiary value. Chen v. Gonzales, 434 F.3d 212, 218 n.6 (3d Cir. 2005). We conclude that the BIA's decision to accord little weight to the Changle City statement is reasonable, and that it rests upon substantial evidence.

The BIA also reasonably rejected Lu's evidence that purported to show that family members, including his mother, were sterilized after having more than one child.

His mother's experience was twenty-five years ago and is not representative of Lu's circumstances. Moreover, her experience is not reflective of changed conditions of China. Similarly, the BIA found that Lu's background materials on China, including a 2003 affidavit by demographer John Aird, show merely China's ongoing effort to enforce its one-child policy. Cf. Zheng v. Att'y Gen., 549 F.3d 260, 267 n.4 (3d Cir. 2008) ("We have rejected Aird's position."). Lu offers nothing to convince us that the BIA's assessment was an abuse of discretion.

In sum, the BIA properly concluded that Lu has not shown changed circumstances in China to satisfy the exception to the time limitation for filing a motion. 8 C.F.R. §§ 1003.2(c)(2), (3)(ii). Moreover, we agree that even if Lu had demonstrated changed country conditions, he failed to demonstrate prima facie eligibility for relief. Accordingly, we will deny the petition for review.